FILED
SUPERIOR COURT
OF GUAM

2019 JUN -4 PM 4: 59

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO: CF0264-19 |
| vs. | |
| | **DECISION AND ORDER DENYING MOTION TO RELEASE DEFENDANT ON PERSONAL RECOGNIZANCE** |
| ISLER MILLER, et al., DOB:08/08/1996, | |
| Defendant. | |

## Introduction

This matter came before the Honorable Maria T, Cenzon on May 23, 2019 for a hearing on Isler Miller's ("Defendant Miller") Ex Parte Motion to Release Defendant on Personal Recognizance ("Motion to Release"). Defendnat was present and represented by Assistant Public Defender William Bischoff. Assistant Attorney General Sean Brown represented the People of Guam. Having heard the parties' oral arguments and reviewed the record and relevant law, the Court ruled from the bench DENYING Defendant's Motion to Release. The Court now issues this Decision and Order memorializing its oral ruling and in compliance with 8 GCA § 40.50 to set forth the reasons for requiring the conditions imposed.

## Background

Defendant Miller and his co-defendants David Tosiuo and Jayson Saki are charged with Aggravated Assault (as a 2nd Degree Felony). Indictment (May 14, 2019). According to the magistrate's complaint, the Defendants attacked a homeless man near a church in Agana. Decl. of Jeremiah Luther (May 6, 2019). According to a civilian witness, the defendants allegedly punched and kicked the victim. *Id.* The witness also reported that he saw one defendant purportedly jump on the victim's head. *Id.* The witness observed the defendants leave the scene and drive away in a silver and green sedan. *Id.* The witness recorded the license plate of the

silver and green sedan and with that information the police located its owner. *Id.* The owner of that sedan, identified as *Sepe Elley*, corroborated the witness' story and provided four names to the police. *Id.* Of those names, the police arrested three individuals–the named defendants in this case. *Id.*

Defendant Miller is confined pending the posting of five thousand dollars ($5,000) cash bail. Commitment Order (May 6, 2019).

## LAW

Title 8 of the Guam Code Annotated § 40.15(b) provides that the Court must "order the person charged to be released on recognizance, *unless the judge determines,* in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." (emphasis added). In making such a determination, the Court is guided by the following factors:

(1) The nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) The history and characteristics of the person charged, including:
    (A) Length of his residence on Guam;
    (B) his employment status and history, and financial condition;
    (C) his family ties and relationships
    (D) his reputation, character, and mental and physical condition;
    (E) his prior criminal record, if any, including any record of prior release on recognizance or on bail;
    (F) his history relating to drug or alcohol abuse;
    (G) the identity of the reasonable members of the community who will vouch for his reliability;
    (H) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence of an offense under federal, state or local law; and
    (I) his/her history of compliance with other court orders;
(3) The nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released;
(4) Statements of the alleged victim or others as to previous incidences of violence and threats made to the alleged victim;
(5) Lethality risk assessments or other risk assessments deemed appropriate by the Judiciary of Guam; and
(6) *Any other factors which bear on the risk of willful failure to appear* or the danger the person would pose to the community or to any individual member thereof if released.

8 GCA § 40.15(c) (emphasis added).

If a Court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 GCA § 40.20. These conditions include:

> (a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;
> (b) Placement of restrictions on the activities, movements, associations and residence of the person;
> (c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;
> (d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or
> (e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20. Under this section, the Court shall impose the least onerous conditions to ensure Defendant's appearance as required and safety of any other person and the community.

## Discussion

Defendant argued that the likelihood of conviction in this case is low since the victim was not able to identify any of the alleged suspects. While defense counsel has not received the discovery, he maintains his arguments are based on the magistrate's complaint. Defense counsel argues that the victim allegedly covered his face to "shield" from the attackers therefore the alleged victim cannot identify Defendant Miller.

The People orally opposed the instant motion. The People argued that while Defendant is only twenty-two years old, he already has a lengthy criminal record. The people note that of the seven cases, six of the charged cases resulted in convictions. Therefore, the People posit that the risk to re-offend is high. The People also add that the Defendant was recently released from custody in CF0463-16 and CF0231-16 prior to his arrest in May 2019 for the above-captioned case. The People also draw attention to the fact that Defendant Miller and co-defendant David Tosiuo have two other cases together, CM0804-14 and CF0615-14.

While the nature of the offense and apparent possibility of conviction are factors for the court to consider, the Court's underlying concern is whether there is a substantial risk of nonappearance by the person charged or that release on personal recognizance of that the person charged will endanger the safety of any other person or the community. In this case, there is ample information to support the People's contention that the Defendant's release on personal recognizance presents a substantial risk of non-appearance and danger to the safety of the community. For example, Defendant's non-compliance with terms of probation and parole since at the time of the current offense or arrest, Defendant Miller was on probation and parole. Further, the court also considers Defendant's prior criminal record to demonstrate his history and characteristics.

Further, the Court disagrees that the victim's inability to identify the suspect is determinative of the apparent possibility of conviction. There are two other witnesses identifying Defendant Miller as one of the alleged suspects.

Lastly, there is nothing to suggest the circumstances today vary from the time the Magistrate Judge considered setting Defendant's bail at $5,000. Therefore, with the opposition, and Defendant's consistent failure to abide by parole and probation terms, the Court finds the least onerous condition in this case is requiring third party custodians or posting of the cash bail.

### CONCLUSION

For the reasons stated above, the Court DENIED Defendant's Motion to Release.

A Pre-trial Conference is scheduled for June 6, 2019 at 9:00 a.m.

SO ORDERED this ___ **JUN 04 2019** ___, *nunc pro tunc* to May 23, 2019.

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG; PDSC

Date: 6/4/19  Time: 5:00

Deputy Clerk, Superior Court of Guam

_____
HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM